# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,  :

      Plaintiff,                        Case No. 3:10-cr-134
                                                       Also 3:12-cv-201

                                                       District Judge Walter Herbert Rice
   -vs-                                          Magistrate Judge Michael R. Merz
                                      :

JAMES SCHOOLER

      Defendant.

# REPORT AND RECOMMENDATIONS

This case is before the Court upon the filing of a Motion to vacate under 28 U.S.C. § 2255. As with all habeas corpus matters in this District, it has been referred to a United States Magistrate Judge. The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

The Motion was deposited in the United States mail on June 20, 2012. Defendant was sentenced on June 27, 2011, so that his time to appeal expired July 27, 2011. Because he did not actually appeal, his conviction became final when his time to appeal expired. Because the Motion to Vacate is deemed filed as of the date of mailing, the Motion to Vacate is timely under the one-year statute of limitations applicable to these motions.

Defendant pleads two grounds for relief:

> **Ground One:** The United States District Attorney for the Southern District of Ohio exceeds his lawful authority bringing charges against Movant for an allege [sic] offense committed within the exclusive territorial jurisdiction of a sovereign State of Ohio, which divest [sic] the District Court of the lawful authority to indict, to convict, and to sentence Movant, violating Movant's rights protected under the United States Constitution, violating his 4th, 5th, 6th, 9th, 10th, and 14th Amendments. Movant is lawfully innocent.
>
> **Ground Two:** Trial counsel was ineffective. The Sixth Amendment, while not in specific text, promise[s] that Schooler will not be deprived [of] an attorney with the professionalism to advise him of the collateral consequences of accepting that the Federal Government had not or would not intrude upon Ohio sovereignty. Further Movant['s] counsel failed to file a motion for a second psychological evaluation when the Court permitted counsel to do so. Movant's medical records, which counsel had obtain[ed], clearly confirms [sic] Movant['s] long history of mental instability which warrants a downward departure, under 5K2, reflecting Movant's mental illnesses.

(Motion, Doc. No. 34, PageID 4-5.)

The gravamen of Defendant's claim is that this Court lacked jurisdiction to indict, convict, and sentence him. In the course of his Motion, he challenges personal, subject matter, and territorial jurisdiction.

The personal jurisdiction challenge is the most easily answered. After Mr. Schooler was indicted, Judge Rose issued an arrest warrant on the Indictment (Doc. No. 3). According to the Return filed with the Court (Doc. No. 8), the United States Marshal for the Southern District of Ohio executed that warrant by arresting Mr. Schooler in Dayton, Ohio, on September 16, 2010. Thus the warrant was issued by a judge of this Court to the Marshal for this District and executed by arrest within the District. That was sufficient for this Court to obtain personal jurisdiction of the Defendant.

The concept of subject matter jurisdiction refers to the power of a court to adjudicate a particular dispute brought before it. Mr. Schooler is correct that federal courts are courts of

2

limited subject matter jurisdiction whose power to decide a particular case is never to be presumed. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). However, the Indictment in this case charges a violation of 18 U.S.C. § 922(g)(1), that is, a violation of the federal criminal code. The district courts of the United States have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *United States v. Lucido*, 612 F.3d 871, 873-74 (6th Cir. 2010). While Congress could have given the state courts subject matter jurisdiction over federal criminal offenses, it has never done so; the district courts have had exclusive subject matter jurisdiction of such cases since the Judiciary Act of 1789.

The concept of territorial jurisdiction refers to the authority of the legislature to adopt statutes, rather than to the authority of courts to adjudicate cases. Mr. Schooler is correct in asserting that the power of Congress to legislate, criminally or civilly, is not general, but must be based on some power delegated to the Union by the Constitution. That is, while the State of Ohio can legislate generally for territory within the State, the Congress can only directly regulate the behavior of persons if it does so pursuant to some delegated power.

In the case of § 922(g)(1), the relevant power is found in the Commerce Clause, the portion of Article I of the Constitution which gives Congress authority to regulate commerce. Mr. Schooler was charged with being a person who, having been previously convicted of a felony, knowingly possessed a firearm "in and affecting interstate and foreign commerce." (Indictment, Doc. No. 2, PageID 4.) The power of Congress to regulate commerce is exceptionally broad. See *Gonzales v. Raich*, 545 U.S. 1, 17 (2005)(as to intrastate drug activity), citing *Perez v. United States,* 402 U.S. 146, 151 (1971), and *Wickard v. Filburn*, 317 U.S. 111, 128-29 (1942)(production of corn on one's own land for consumption on one's own land). On the specific question raised by Mr. Schooler, see *United States v. Hart*, 895 F. Supp. 189 (N.D. Ohio 1995), aff'd. 91 F. 3d 145 (6th Cir. 1996)(expressly holding that the felon in possession statue was a valid exercise of the

commerce power). In terms of the facts necessary to support the interstate nexus of this case, Mr. Schooler admitted in the Statement of Facts attached to his Plea Agreement that the forearm in question, a Masterpiece Arms handgun, had moved in interstate commerce in order to reach him in Montgomery County, Ohio (Doc. No. 20, PageID 47).

Much of the argument made by Mr. Schooler relates to the exclusive territorial jurisdiction of the United States, that is, territory within the boundaries of a State for which only Congress can legislate. The only such land within the counties served by this Court is land "within the fence" at Wright-Patterson Air Force Base; even federal lands such as the courthouse and the Veterans Administration Medical Center are not within that exclusive territory.

In sum, this Court has original exclusive subject matter jurisdiction over criminal offenses committed in the Southern District of Ohio. It had personal jurisdiction of Defendant by virtue of his arrest on a warrant issued by this Court. And Congress had power to adopt the statute in question, 18 U.S.C. § 922(g)(1), by virtue of the Commerce Clause. Therefore Mr. Schooler's first Ground for Relief is without merit and should be dismissed with prejudice.

Mr. Schooler's second Ground for Relief claims he received ineffective assistance from his trial counsel. The first part of that claim is the argument that Ms. Bennett should have raised the lack of jurisdiction claim. Since that claim was without merit, it was not deficient performance on her part to fail to raise the claim.

The second part of this Ground for Relief is that Ms. Bennett should have requested a second psychological evaluation. As the docket shows, Judge Rice ordered a competency and mental status evaluation on November 18, 2010, and heard testimony from the examiner after the evaluation was completed (Doc. Nos. 16, 19). While there was some discussion of a second evaluation and Ms. Bennett was given permission to request one, there is nothing in the record to show that the results of such an evaluation would have been any more favorable to Defendant than

those of the first examination. In any event, it was at virtually the same time as the competency hearing that Defendant, having been found competent, decided to plea guilty.

To establish ineffective assistance of trial counsel, a defendant must show both professionally deficient performance and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668 (1984). Mr. Schooler has shown neither. His Second Ground for Relief should therefore be dismissed with prejudice.

## Conclusion

In accordance with the foregoing analysis, it is respectfully recommended that the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Mr. Schooler should be denied a certificate of appealability. This Court should also certify to the Sixth Circuit that any appeal would not be taken in objective good faith and therefore should not be permitted to proceed *in forma pauperis*

June 26, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).