# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA, :

      Plaintiff,

Case No. 3:10-cr-134
   Also 3:12-cv-201

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

-vs-

:

JAMES SCHOOLER

      Defendant.

---

# REPORT AND RECOMMENDATIONS ON DEFENDANT'S SECOND RULE 60(b) MOTION AND MOTION FOR RECONSIDERATION

---

This case is before the Court on Defendant's Second Motion for Reconsideration under Fed. R. Civ. P. 60(b)(Doc. No. 46).

Defendant makes no argument that has not already been thoroughly considered by this Court. In attempting to show this Court did not have jurisdiction over his criminal charge, he cites dozens of cases where the courts found jurisdiction under some clause of the Constitution other than the Commerce Clause. Obviously the fact that the federal government does have jurisdiction under some other clause does not prove the absence of Commerce Clause jurisdiction.

In attempting to defeat Commerce Clause authority, Defendant relies on *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935). *Schechter* no longer represents the extent of Congressional power under the Commerce Clause. Rather, that is represented by *Wickard v. Filburn,* 317 U.S. 111, 128-29 (1942). The Supreme Court has very recently held that *Wickard* is still good law. *Nat'l Fed'n of Indep. Bus. v. Sebelius,* 567 U.S. ___, 132 S. Ct. 2566, 183 L. Ed. 2d 450 (2012).

Because this second Motion for Reconsideration raises no new arguments of any merit not already considered by the Court, it should be denied. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith. August 16, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).