# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,     :

       Plaintiff,                              Case No. 3:10-cr-134
                                                     Also 3:12-cv-201

                                                     District Judge Walter Herbert Rice
   -vs-                                       Magistrate Judge Michael R. Merz
                                        :

JAMES SCHOOLER

       Defendant.

# AMENDMENT TO REPORT AND RECOMMENDATIONS ON DEFENDANT'S SECOND RULE 60(b) MOTION AND MOTION FOR RECONSIDERATION

This case is before the Court on Defendant's Second Motion for Reconsideration under Fed. R. Civ. P. 60(b)(Doc. No. 46). On August 16, 2012, this judge filed a Report and Recommendations recommending the Second Motion for Reconsideration be denied (Doc. No. 47).

Defendant Schooler has now filed a Notice of Appeal (Doc. No. 49) from this Court's final judgment denying his Motion to Vacate with prejudice (Doc. No. 42). The Notice appears to be timely under Fed. R. App. P. 4(A)(1)(B).

The filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Fed. R. Civ. P. 60(a). 9 Moore's Federal Practice ¶ 203.11 at 3-45 and 3-46. The district court does not reacquire jurisdiction until it receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470

U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981). The general rule used to mean that a district court has no jurisdiction to rule on a motion for relief from judgment after a timely notice of appeal. However, effective December 1, 2009, the Rules of Civil Procedure were amended to add Fed. R. Civ. P. 62.1 which provides:

> **Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal**
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

The pending Report and Recommendations (Doc. No. 47) recommends that the Second Motion for Reconsideration be denied, that Defendant should be denied a certificate of appealability, and that this Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith. This amendment is made not to change that recommendation, but merely to note the

impact of the Notice of Appeal on this Court's options.

September 10, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).